Sarah E. O'Connell
666 Fifth Avenue
New York, New York 10103-3198
Telephone: (212) 318-3000
soconnell@fulbright.com

Jan E. Dodd*
Tambry L. Bradford*
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200

* *Pro hac vice* application to be filed

*Attorneys for Defendant ALLERGAN USA, INC.*

UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SARA ALI and DANIEL ALI,<br><br>   Plaintiffs,<br><br>-against-<br><br>ALLERGAN USA, INC.,<br><br>   Defendant. | Civil Action No.: 11 cv 9130<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)** |

---

Subject to and without waiver of any other rights and defenses, and pursuant to 28 U.S.C. § 1404(a), Defendant Allergan USA, Inc. ("Allergan") files this Memorandum in Support of Motion to Transfer Venue to show the Court as follows:

**PRELIMINARY STATEMENT**

The LAP-BAND® Adjustable Gastric Banding System ("LAP-BAND®") is an FDA-approved medical device used by doctors to induce weight loss in severely obese patients. Plaintiffs assert a variety of state-law causes of action and seek personal injury damages from

Allergan with respect to a LAP-BAND® that was implanted into Plaintiff Sara Ali. All of the facts and circumstances giving rise to the claims at issue arose in Virginia—not New York—and there is no legitimate reason for the suit to be maintained here.

Plaintiffs are citizens of Virginia with no apparent connection to New York[1] except for the office address of their counsel. Plaintiff Sara Ali's surgeries and treatments are alleged to have occurred exclusively in Fairfax County, Virginia.[2] Allergan was incorporated in Delaware and has its headquarters in Irvine, California.[3] There is no basis for keeping this case in New York, further burdening this already overloaded court system, when the Virginia courts have both the capacity for and interest in deciding this dispute involving Virginia citizens. Accordingly, the Court is requested to transfer this case to the Eastern District of Virginia in the interests of justice and for the convenience of the parties and witnesses.

## FACTUAL BACKGROUND[4]

Plaintiffs allege that plaintiff Sarah Ali was surgically implanted with a Lap-Band® System on December 17, 2009. Complaint, ¶¶ 18-19. A week later, following difficulty breathing and swallowing, plaintiff Sarah Ali underwent a second bariatric surgery, during which the original Lap-Band® System was explanted and replaced with another Lap-Band® System. Complaint, ¶ 20. On April 15, 2011, plaintiff Sarah Ali was admitted to the hospital with complaints of severe abdominal pain, and asserts that, on April 19, 2011 tests revealed that the Lap-Band® System implanted on December 23, 2009 had eroded. Complaint, ¶ 21. On April

---

[1] *See* Verified Complaint ("Complaint") ¶¶ 1-2.

[2] *Id.* ¶¶ 18-24.

[3] *Notice of Removal* (Docket #1) at ¶ 7(b).

[4] For purposes of Allergan's motion, the allegations of Plaintiffs' Complaint are taken as true. However, Allergan in no way agrees that these allegations are factually correct and will demonstrate otherwise at the appropriate time.

20, 2011, plaintiff Sarah Ali underwent a third surgery to remove the Lap-Band® System. Complaint, ¶ 22. Plaintiffs allege that Allergan is liable for their damages including "severe and permanent injuries, including significant abdominal pain, need for emergency open abdominal surgery to remove the eroded LAP-BAND, a dense extensive inflammatory mass extending from the left upper quadrant to the right lower quadrant, surrounding the tubing of the LAP-BAND, phlegmon formation, multiple abscesses, pain and mental anguish, including diminished enjoyment of life" and "severe physical pain and suffering, mental anguish, severe anxiety, loss of life's pleasures, and loss of enjoyment of life." Complaint, ¶¶ 35, 55.

## ARGUMENT AND AUTHORITIES

Section 1404(a) of Title 28 permits a transfer of venue "[f]or the convenience of the parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). As explained, the Eastern District of Virginia is a district where this suit "might have been brought," and the convenience of the parties and witnesses and interests of justice support—if not mandate—the transfer. This case has absolutely no ties to the State of New York except for the address of Plaintiffs' counsel. That is not a basis for entertaining the suit here—especially when considering that all of the material events occurred in the Eastern District of Virginia and the key third-party witnesses are there.

As to the threshold requirement for a § 1404(a) transfer, there is no question that the case "might have been brought" in the Eastern District of Virginia. 28 U.S.C. § 1404(a). As Plaintiffs allege that they are both domiciled in Reston, Fairfax County, Virginia, Complaint ¶¶ 1-2, the Alexandria Division of the Eastern District of Virginia is an appropriate district and division.

Among the factors to be considered in determining whether to grant a motion to transfer venue are:

> "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."

*N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). These factors counsel strongly in favor of transfer to Virginia.

First, plaintiffs' choice of forum is given little weight when the plaintiff does not reside in the forum state and there is no other apparent connection to the forum. *Quan v. Computer Sciences Corp.*, No. CV 06-3927(CBA)(JO), 2008 WL 89679, at *3 (E.D.N.Y. Jan. 8, 2007). Plaintiffs reside in Virginia, not New York, and the factual allegations in the Complaint relate to events occurring in Virginia or possibly California (where Allergan is headquartered), but not New York.

Second, from the face of the Complaint, it is clear that some of the most important witnesses—the surgeons and treating physicians—are also located in the Eastern District of Virginia, *see* Complaint ¶¶ 18-24, and it is unlikely that they are subject to the subpoena power of this Court. *See Quan*, 2008 WL 89679, at *5 ("The record provides no reason to believe that any potential witness lives or works in New York."). The convenience of non-party witnesses is "arguably the most important factor in determining whether a transfer is warranted," *id.*, and this factor decisively supports transfer to Virginia.

Considering that the plaintiffs and key medical witnesses are in Virginia, the location of relevant documents and relative ease of access to sources of proof likewise favors Virginia over

New York. The same can be said as to the locus of operative facts—according to the Complaint, Mrs. Ali's surgeries and treatment all occurred in Virginia, not New York.

It is difficult to imagine how New York could be a convenient forum for Virginia residents. And as noted, Allergan's headquarters are in California, not New York. As "[r]esidence is the touchstone for party convenience," *Quan*, 2008 WL 89679, at *6, this factor justifies transfer. The only evident tie to New York is the work address of plaintiffs' counsel, which is not a sufficient basis on which to burden the courts of this State with a dispute that has nothing to do with New York. The relative means of the parties likewise supports a transfer, as the Virginia residents would not have to travel to court if transferred.

Further, the interests of justice factors strongly favor transfer. "Whether a transfer is in the interests of justice is primarily a question of judicial economy." *Quan*, 2008 WL 89679, at *8. Judicial economy is served by transferring this case to a court with a much less crowded docket. According to the federal judiciary's "Judicial Caseload Profiles" for the Southern District of New York (12-month period ending June 30, 2011) (*see* Declaration of Sarah E. O'Connell dated January 18, 2012 ("O'Connell Decl.") at Exhibit A), the median time from filing to disposition is 38.5 months, while the Eastern District of Virginia (O'Connell Decl. at Exhibit B) is 4.8 months. Further, the median time from filing to trial in the Southern District of New York is 31.1 months, while the median in the Eastern District of Virginia is 11.6 months.[5] As a result, there appears to be an overall efficiency for the judicial system in transferring the case to the Eastern District of Virginia.

Finally, the courts of Virginia have an interest in hearing claims brought by their citizens. In contrast, New York citizens have an interest in having their courts available to resolve

---

[5] The Court may take judicial notice of these documents pursuant to Fed. R. Evid. 201(c)(1).

disputes that have a legitimate connection with this forum. This is not even a close call—the overwhelming balance of the equities clearly and convincingly points to the Eastern District of Virginia as the appropriate forum to decide this dispute.

## CONCLUSION

For the reasons set forth above, Defendant Allergan, Inc. requests that the Court: (i) grant its Motion to Transfer Venue; (ii) order the case transferred to the U.S. District Court for the Eastern District of Virginia under 28 U.S.C. § 1404(a); and (iii) grant Allergan such other and further relief to which it is entitled.

Dated: January 18, 2012

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: _____
Sarah E. O'Connell
666 Fifth Avenue
New York, New York 10103-3198
Telephone: (212) 318-3000
Facsimile: (212) 892-9494

Jan E. Dodd*
Tambry L. Bradford*
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendant ALLERGAN USA, INC.

* Pro hac vice application to be filed

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing documents were sent by United States mail, on the 18th day of January, 2012, to:

Sybil Shainwald, Esq.
Law Offices of Sybil Shainwald
200 West 57th Street
Suite 40
New York, New York  10019

_____
Sarah E. O'Connell