UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SARA ALI and DANIEL ALI, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 1:12-cv-00115-GBL-TRJ |
| ALLERGAN USA, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26(A) and the Court's Order of February 17, 2012, the parties have conferred regarding the discovery plan in this matter. The parties were not able to reach agreement on all issues, and were not able to reach agreement on a joint discovery plan to submit to the Court.

Defendant therefore respectfully submits this proposed plan on its own behalf. This document is being filed over Plaintiff's objection. Although Defendant has attempted in good faith to represent those areas in which it understands the parties to be in agreement, and to bring all areas of contention between the parties to the Court's attention, this proposed plan may not fully represent Plaintiff's position and all of Plaintiff's objections in this matter.

I.   **INITIAL DISCLOSURES**

   A.   The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged on or before March 13, 2012.

   B.   The parties agree that, on or before March 6, 2012, Plaintiffs shall provide Defendant (i) signed authorizations for release of the medical records held by the providers

identified in Plaintiff's Complaint and (ii) information regarding the location and/or existence of Sara Ali's explanted lapbands.

    C.    It is Defendant's position that Plaintiffs should also provide, on or before March 6, 2012: (i) all medical records currently in Plaintiffs' counsel's possession; (ii) signed authorizations for release of records for all providers who have cared for or treated Plaintiff Sara Ali from 2002 – present; (iii) information regarding the lot number, location and/or existence of Sara Ali's explanted lapbands; and, (iv) if the lapbands are still in existence, plaintiff will not alter or destroy the devices in any way and will turn over the devices to Defendant's counsel for nondestructive inspection on or before March 20, 2012. Plaintiff does not agree to these disclosures.

    D.    It is Plaintiff's position that there should be set deadlines for written discovery, as follows: on or before March 13, 2012, parties shall serve Interrogatories and Demands for Production. Parties to respond to Interrogatories and Demands for Production by March 27, 2012.

Defendant is not opposed to a date certain for serving Interrogatories and Requests to Produce, and will file objections, if any, in accordance with the Local Rules, but opposes having to respond to any written discovery requests in less than 30 days.

II.    <u>FACT AND EXPERT DISCOVERY</u>

    A.    The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The parties agree to the following deadlines:

        1.    Plaintiffs' depositions to be completed on or before April 6, 2012;

        2.    Defendant's depositions to be completed on or before April 20, 2012.

Defendant proposes that non-party depositions be completed by April 23, 2012.

B.  Plaintiffs propose the following expert disclosure schedule:

1.  Plaintiffs shall serve expert disclosures under Rule 26(a)(2) by May 11, 2012.  Plaintiffs will make their expert witness(es) reasonably available for deposition by Defendant between May 14, 2012 and May 24, 2012.

2.  Defendants shall serve expert disclosures under Rule 26(a)(2) by May 25, 2012.  Defendant will make its expert witness(es) reasonably available for deposition by Plaintiffs between May 28, 2012 and June 8, 2012.

C.  Defendants propose the following expert disclosure schedule:

1.  Plaintiffs shall serve expert disclosures under Rule 26(a)(2) by April 25, 2012.  Plaintiffs will make their expert witness(es) reasonably available for deposition by Defendant between April 26, 2012 and May 8, 2012.

2.  Defendants shall serve expert disclosures under Rule 26(a)(2) by May 9, 2012.  Defendant will make its expert witness(es) reasonably available for deposition by Plaintiffs between May 10, 2012 and May 22, 2012.

D.  The parties agree that, pursuant to the Court's Order of February 17, 2012, all fact and expert discovery, including depositions, shall be completed by June 15, 2012.

III.  *DAUBERT* MOTION BRIEFING SCHEDULE

It is Defendant's position that *Daubert* issues should be briefed before the final pretrial conference scheduled for June 18, 2012.  It is Plaintiffs' position that *Daubert* motions should be briefed after the close of discovery and the final pretrial conference.

Defendant proposes the following briefing schedule for *Daubert* motions:

      A.      Any motions to exclude the opinion testimony of any party's expert(s) and supporting briefs shall be filed by May 23, 2012.

      B.      Briefs in opposition shall be filed by June 6, 2012.

      C.      Reply briefs shall be filed by June 13, 2012.

      D.      A hearing on any such motion(s) shall be noticed for June 15, 2012 at 10:00 a.m.

IV.      <u>ELECTRONICALLY STORED INFORMATION</u>

The parties agree to work in good faith to coordinate the manner in which ESI is to be produced.

V.      <u>PROTECTED MATERIALS</u>

Defendant anticipates that a protective order will be needed in this case to protect confidential and commercially sensitive information from being used outside the litigation. The parties agree that Defendant shall provide Plaintiff with a proposed Protective Order by March 15, 2012. The parties will confer regarding such an Order and Plaintiff will propose changes, if any, by March 22, 2012. If parties do not agree, Defendant will move the Court for entry of such an Order by March 30, 2012.

VI.      <u>CHANGES TO DISCOVERY LIMITATIONS</u>

Plaintiff proposes a set deadline for exchange of written discovery, as set out in section I.D above. Defendant does not agree with Plaintiff's position, as set out above.

The parties do not propose any other changes to the limitations on discovery provided in the Federal Rules of Civil Procedure, the Local Rules, and the Court's February 17, 2012 Order.

VII.      <u>OTHER MATTERS</u>

      A.      The parties stipulate that all initial disclosures, discovery requests, written discovery responses, and expert disclosures shall be served by electronic mail, to which means of

service each party hereby consents.  For purposes of computing time, service of discovery requests by email shall be treated as if service was made by first class mail pursuant to Fed. R. Civ. P. 5(b)(2)(C).  Service by email upon Plaintiffs shall be sent to: christina.kazepis@shainwaldlaw.com.  Service by email upon Defendant shall be sent to: jdodd@fulbright.com and mgreer@fulbright.com.

      B.      The parties do not wish to proceed to trial before a Magistrate Judge.

      C.      The parties do not wish to engage in settlement discussions at this time.  The parties understand that a settlement conference may by requested at any time in the case.

## VIII. FINAL PRETRIAL CONFERENCE

A final pretrial conference shall be held on Monday, June 18, 2012, at 2:00 p.m.

Dated: March 1, 2012                                         Respectfully submitted,

                                                              /s/
Michael C. Pacella (VSB #75274)
FULBRIGHT & JAWORSKI L.L.P.
Market Square
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone:  (202) 662-4774
Facsimile:  (202) 662-4643
mpacella@fulbright.com

OF COUNSEL:
Jan E. Dodd (Pro Hac Vice)
Marcy Hogan Greer (Pro Hac Vice)
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

*Attorneys for Defendant Allergan USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system.

I also certify that on the 1st day of March, 2012, I will mail the foregoing document by U.S. mail to the following:

>	Sybil Shainwald, Esq.
>	Law Offices of Sybil Shainwald
>	200 West 57th Street
>	Suite 402
>	New York, New York  10019

>	/s/
>	Michael C. Pacella (VSB #75274)
>	FULBRIGHT & JAWORSKI L.L.P.
>	Market Square
>	801 Pennsylvania Avenue, NW
>	Washington, D.C. 20004
>	Telephone:  (202) 662-4774
>	Facsimile:   (202) 662-4643
>	mpacella@fulbright.com
>
>	*Attorney for Allergan USA, Inc.*